867 P.2d 1001

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Roger UTZ, Defendant–Appellant.**

**No. 20324.**

Court of Appeals of Idaho.

Dec. 29, 1993.

Frederick G. Loats, Coeur d'Alene, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Roger Utz entered a conditional plea of guilty to misdemeanor DUI, expressly reserving the right to appeal the magistrate's denial of his motion in limine to exclude the results of his breath test. Utz appealed to the district court, which entered an order affirming the magistrate's decision. On further appeal to this Court, we reverse the magistrate's decision, and remand the case for further proceedings.

**Facts and Procedural Background.**

Utz was arrested for driving under the influence (DUI) and transported to the Kootenai County Sheriff's office. At that office,

the arresting officer tested several samples of Utz's breath using a machine known as the Intoximeter 3000. The results of the test showed Utz to have a breath-alcohol content in excess of .10, and Utz was charged with DUI, a violation of I.C. § 18–8004(4).

Utz pled not guilty and requested a jury trial. He then moved in limine to exclude the results of the breath test on the ground that the test was not administered in conformity with the applicable test procedures. Specifically, he asserted that the officer failed to comply with the "fifteen minute waiting period" rule, which required that the officer "observe the subject closely" for a period of fifteen minutes prior to taking the breath samples.

At the hearing held on the motion, the parties stipulated that the officer administering the breath test did *not* personally observe Utz for fifteen minutes before collecting the samples of his breath, but that the officer had briefly departed from the area, leaving Utz with the jailers. Upon his return, but before waiting and observing Utz for the requisite period, the officer collected the samples of Utz's breath. The state indicated to the court, however, that one of the jailers *might* have been observing Utz during the officer's absence and requested a continuance in order to obtain such information. However, the magistrate held that the test results were admissible without any additional evidence, reasoning that the lapse in procedure was a fact going to the weight to be accorded the test results, not their admissibility. Accordingly, the court denied Utz's motion in limine. Utz entered a conditional plea of guilty pursuant to I.C.R. 11(a)(2) and appealed the magistrate's ruling. The district court affirmed and this appeal followed.

**Foundational Requisites to Admitting the Breath Test Results.**

The question presented in this case is whether the magistrate correctly denied Utz's motion in limine to exclude the test results produced by the Intoximeter 3000. Utz argues that, contrary to the conclusion reached by the magistrate, the results of the breath test were not admissible absent a showing by the state that the test was ad-

ministered in compliance with the fifteen-minute waiting requirement. We agree.

To have the results of the Intoximeter 3000 breath test admitted into evidence, the state must establish an adequate foundation. *State v. Uhlry*, 121 Idaho 1020, 829 P.2d 1369 (Ct.App.1992); *State v. Bell*, 115 Idaho 36, 764 P.2d 113 (1988). Whether a proper foundation has been laid is a preliminary question of admissibility to be decided by the court. I.R.E. 104(a); *Uhlry*, 121 Idaho at 1022, 829 P.2d at 1371. In *State v. Bradley*, 120 Idaho 566, 817 P.2d 1090 (Ct. App.1991), we stated:

> [t]he scientific process used by the Intoximeter 3000 is widely recognized and it is unnecessary for the state to present evidence establishing that test's general reliability in order to have the test results admitted into evidence. However, we have held that the state still *must establish at trial that the administrative procedures which ensure the reliability of that test have been met.*

120 Idaho at 568, 817 P.2d at 1092 (citations omitted) (emphasis added). Compliance with the requisite standards and methods for administration of the test is a "foundational prerequisite to having the test results admitted into evidence." *Id.*

The testing procedures at issue in this case are those adopted by the Department of Law Enforcement and contained in the training manual for operation of the Intoximeter 3000. *See* DEPARTMENT OF LAW ENFORCEMENT, THE OPERATOR'S TRAINING MANUAL FOR USING THE INTOXIMETER 3000 (Rev.1988) ("the Manual"); 11 IDAPA .03(4); I.C. § 18–8004(4); *Bradley*, 120 Idaho at 568, 817 P.2d at 1092. These operating procedures require that the administering officer "[o]bserve the subject closely for 15 minutes," to ensure that the subject does "not smoke, consume alcohol, belch, vomit, use chewing tobacco, or have any other foreign substance in the mouth." *The Manual, supra*, at 5. Although the observation can be made by an officer certified to operate the Intoximeter 3000 machine, we have held that an uncertified officer's observations may serve as a substitute. *See Bradley*, 120 Idaho at 569, 817 P.2d at 1093.

In this case, it is undisputed that the officer who administered the breath test did not "closely observe" Utz for the requisite fifteen-minute period. Nor did the state present evidence showing that Utz had been observed by *any* officer for fifteen minutes preceding the test. *Compare Bradley*, 120 Idaho at 569, 817 P.2d at 1093. Thus, there was no showing that the fifteen-minute waiting period had been complied with. Absent such a showing, the results of the breath test were inadmissible, and the magistrate's conclusion to the contrary therefore was in error.[1] Consequently, the ruling which denied Utz's motion to exclude the test results must be set aside. This conclusion, however, is without prejudice to the state's request for an opportunity to present additional evidence to support the admissibility of the test results.

### Conclusion

For the reasons explained above, we reverse the district court's appellate decision upholding the magistrate's denial of the motion to exclude. We vacate the magistrate's ruling and remand the case for further proceedings.

LANSING and PERRY, JJ., concur.

---

1. In fairness to the magistrate, we must note that when he denied Utz's motion in June, 1991, he did not have the benefit of our decision in *Bradley*, which became final in October, 1991. The filing of the appeal in this case removed the case from the magistrate's jurisdiction, impeding the magistrate's authority to reconsider his ruling in light of *Bradley*.