947 P.2d 1007

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ronnie Clifford SMITH, Defendant-Appellant.**

**No. 22701.**

Court of Appeals of Idaho.

Oct. 23, 1997.

John R. Hathaway, Orofino, for defendant-appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for plaintiff-respondent.

LANSING, Chief Judge.

Ronnie Clifford Smith entered a conditional guilty plea to driving under the influence of alcohol. On appeal, he asserts that the magistrate erred by denying Smith's motion to exclude evidence of breath test results because the State did not establish either that the test was administered in a manner approved by the Idaho Department of Law Enforcement or that the test, as administered, was reliable. For the reasons that follow, we affirm.

## BACKGROUND

After arresting Smith for driving under the influence of alcohol, I.C. § 18–8004, an Idaho State Police officer administered two breath tests to Smith using a testing device known as an Alco–Sensor III. The directions issued by the Idaho Department of Law Enforcement for administering breath tests with the Alco–Sensor III require two breath samples for each "test." On the first sample taken from Smith, the Alco–Sensor display indicated a breath alcohol content of .178. On the second sample, the machine registered a result of .069. Because the first two samples were more than .02 apart, the machine display indicated a need for a third sample. The result of the third sample was .169. The machine then issued a reading indicating that the whole test should be

aborted and an entirely new test administered. The officer did start over and conducted a new test composed of two air samples. The results of these samples were .170 and .171. A complaint was then filed charging Smith with driving under the influence of alcohol, I.C. § 18–8004, for driving with an alcohol concentration over the statutory limit of .10.[1]

Smith filed a motion in limine to exclude evidence of the breath tests on grounds that they were unreliable and did not comply with Idaho Department of Law Enforcement testing standards. After an evidentiary hearing, the magistrate held that the first test composed of three samples was not reliable and therefore could not be used in evidence against Smith, but the magistrate denied Smith's motion to exclude evidence of the second test. Following the magistrate's decision, Smith entered a conditional guilty plea, pursuant to I.C.R. 11(a)(2), by which he preserved the right to appeal from the magistrate's denial of his motion in limine. On an intermediate appeal to the district court, the magistrate's decision was affirmed. On further appeal to this Court, Smith contends that the officer's method of administering the second breath test did not comply with applicable standards and that the State did not lay a requisite foundation to show that the test was reliable.

## ANALYSIS

Smith's first argument rests upon I.C. § 18–8004(4) which provides, *inter alia*, that an analysis of breath for alcohol concentration may be performed by any method approved by the Idaho Department of Law Enforcement (the Department) and that the results of any test for alcohol concentration performed in accordance with such an approved method is admissible in any court proceedings without the necessity of producing a witness to establish the reliability of the testing procedure.[2] Smith contends that his second breath test was not administered by a method approved by the Idaho Department of Law Enforcement under that statute. He does not assert that the Alco–Sensor III test equipment was not a Department-approved testing device, but that the method of administration in this case did not comply with Department standards because the officer did not wait for one hour between the first and second tests.

Smith's assertion that the Department-approved methodology requires a one-hour interval between tests is based upon a June 1984 report written by Donna McDonough of the Idaho Department of Health and Welfare's Bureau of Laboratories[3] regarding her evaluation of the AlcoSensor III. That report recommended that the Alco–Sensor III "be certified for evidential use" subject to several limitations, including a limitation that "[n]o more than one test per hour is to be run." Because the officer did not wait one hour after the first test before administering the second test to Smith, Smith contends that the second test is "outside the parameters set by the State's own Bureau of Laboratories for a valid test."

Smith's argument is without merit, for it ignores the content of the Operator's Training Manual for use of the Alco–Sensor III issued by the Department of Law En-

---

1. Section 18–8004 has since been amended to change the statutory limit to .08. 1997 Idaho Sess. Laws, ch. 307.

2. Idaho Code § 18–8004(4) states in part:

   Analysis of blood, urine or breath for the purpose of determining the alcohol concentration shall be performed by a laboratory operated by the Idaho department of law enforcement or by a laboratory approved by the Idaho department of law enforcement under the provisions of approval and certification standards to be set by that department, or by any other method approved by the Idaho department of law enforcement.... Notwithstanding any other provisions of law or rule of court, the results of

   any test for alcohol concentration ... by any ... method approved by the Idaho department of law enforcement shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

3. When the McDonough report was prepared in 1984, I.C. § 18–8004(4) specified the Idaho Department of Health and Welfare as the agency with authority to approve evidentiary test methods for alcohol concentration. In 1988, that statute was amended to substitute the Idaho Department of Law Enforcement for the Idaho Department of Health and Welfare. 1988 Idaho Sess. Laws, ch. 47.

forcement in October 1988. This manual states that the Alco–Sensor III was approved for breath alcohol testing in September 1984, and sets out "the approved method" for its use. The manual instructs operators to wait fifteen minutes, not one hour, between tests.[4] From this evidence it is readily apparent that the Department did not adopt McDonough's recommendation of a one-hour wait and that the method *approved* by the Idaho Department of Law Enforcement for administration of an Alco–Sensor III test requires only a fifteen-minute waiting period.

Smith next asserts that even if the one-hour wait between tests is not required as a part of the method approved by the Department for use of the Alco–Sensor III, the McDonough report shows that such a waiting period is a limitation that affects the accuracy of the device. Smith asserts that the McDonough recommendation casts doubt upon the accuracy of a test administered without the one-hour interval and that in the absence of some explanation of the Department's rejection of McDonough's recommendation, the State has not met its burden to show the reliability of the test.

■ Under I.C. § 18–8004, certain foundational elements for alcohol concentration tests approved by the Department need not be presented by the State at trial unless such elements are disputed. *State v. Bell,* 115 Idaho 36, 39, 764 P.2d 113, 116 (Ct.App.1988). In this case, Smith's motion in limine and supporting evidence challenged the reliability of the test as administered and thereby put that foundational element at issue. Therefore, the magistrate was called upon to determine whether there was a sufficient foundational showing of the accuracy of the testing procedure to allow admission of the test results. Whether the necessary foundation has been laid for test results is a preliminary question of admissibility to be decided by the trial court. *State v. Utz,* 125 Idaho 127, 129, 867 P.2d 1001, 1003 (Ct.App.1993); *State v. Uhlry,* 121 Idaho 1020, 1022, 829 P.2d 1369, 1371 (Ct.App.1992). *See also* I.R.E. 104(a).

In making this determination, the trial court is the arbiter of conflicting evidence, and the trial court's factual findings will not be disturbed on appeal if they are based upon substantial evidence. *State v. Crea,* 119 Idaho 352, 353–54, 806 P.2d 445, 446–47 (1991).

■ The evidence before the magistrate regarding the necessity of a one-hour waiting period between tests included the McDonough report and the testimony of Loring Beals, a clinical chemist and toxicologist called by Smith. After considering this evidence, the magistrate made the following findings:

After a breath sample containing alcohol is introduced into the Alco–Sensor III device and tested, an amount of time must be set aside for the device to clear itself before another breath sample is introduced. Otherwise, the results of the second breath sample would also include residual alcohol from the first sample. Ms. McDonough, in exhibit A [the McDonough report], recommended to the State of Idaho that it accept the Alco–Sensor III testing device, but also recommended that no more than one test be given per hour. A "test" would consist of two or three samples of breath.

In her actual tests with a simulator, Ms. McDonough found that the Alco–Sensor III cleared itself in a matter of seconds, and almost always within 2 minutes. If the temperature was too cold, then the machine took longer to clear itself. At the very most "tests" were shown to be independent of each other if separated by 12 minutes. She also reported that other studies recommended no more than five (5) "tests" per hour.

Mr. Beals' experiments involved several "tests" that were separated by 25 to 30 minutes each, and his results were accurate.

Even though Ms. McDonough *recommended* that "tests" be separated by one hour, the Operator's Manual (exhibit B)

---

4. The manual states that not more than one "subject" per fifteen minute period is to be tested. It is unclear whether this fifteen-minute waiting period applies only to tests of different "subjects" or also to successive tests of the same person. If it is not intended to be applicable to successive tests of the same individual, then the manual requires no waiting period between tests in such a circumstance.

allows tests every 15 minutes (page 3). This is consistent with the other studies reviewed by Ms. McDonough, the actual tests done by Ms. McDonough, and the tests done by Mr. Beals.

The magistrate thus concluded that a one-hour interval between tests, as recommended by McDonough, was not required for test accuracy. These findings are supported by the evidence before the magistrate. None of the test data presented in the McDonough report or through Mr. Beals' testimony indicated a need for a one-hour waiting period. Indeed, McDonough's recommendation of a one-hour interval is inconsistent with her conclusion presented earlier in the same report that it would "be better to run the tests at least ten minutes apart."[5] Because the magistrate's factual findings on this preliminary question of admissibility are supported by substantial evidence, the magistrate's decision denying Smith's motion to exclude the evidence will not be disturbed. The State offered no evidence in response to Smith's motion, but the evidence introduced by Smith, standing alone, was sufficient to support the magistrate's determination.

Finally, Smith asserts on appeal that evidence of the second breath test should have been excluded because in administering that test, the officer did not comply with even the fifteen-minute waiting period required under the standards adopted by the Department. We decline to address this argument, however, because Smith did not raise this issue either in the proceedings before the magistrate or on his intermediate appeal to the district court. *See State v. Russell,* 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992); *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Whitehawk v. State,* 119 Idaho 168, 170, 804 P.2d 341, 343 (Ct.App.1991); *Gordon v. Noble,* 109 Idaho 1048, 1052, 712 P.2d 749, 753 (Ct.App.1986).

In summary we conclude that the magistrate properly rejected Smith's contention that the Alco–Sensor III test was not admin-

istered in compliance with Department standards and his assertion that the procedure was unreliable because there was not a one-hour interval between the two tests. Therefore, we affirm the magistrate's order denying Smith's motion for exclusion of the results of the second breath test.

PERRY, J., and WALTERS, Acting J., concur.

---

**5.** The findings pertinent to this issue were reported by McDonough as follows:

The repeated testing with the high standard caused two different effects: at two minute intervals, the alcohol from the upper chamber collected in the fuel cell causing a cumulative effect; and at the five minute intervals acetic acid built up in the fuel cell causing a loss of sensitivity and decreasing results. At 12 minute intervals neither of these effects was present. It would, therefore, be better to run the tests at least 10 minutes apart.