963 P.2d 1159

**Terry FREEMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 23929.**

Supreme Court of Idaho,
Idaho Falls, May 1998 Term.

Aug. 3, 1998.

Gilman J. Gardner, Bonneville County Public Defender, Idaho Falls, for Petitioner/Appellant.

Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney General, Boise, for Respondent. Kenneth M. Robins argued.

SCHROEDER, Justice

This is an appeal from the district court's order summarily dismissing a petition for post-conviction relief filed by Terry Freeman (Freeman).

I.

## BACKGROUND AND PRIOR PROCEEDINGS

Freeman was arrested for operating a motor vehicle while under the influence of alcohol. He was charged and convicted under the penalty enhancement provisions of sections 18–8005(5) and 18–8005(7) of the Idaho Code (I.C.). He was sentenced to the custody of the Idaho State Board of Corrections for a minimum period of confinement of three and a half years followed by an indeterminate period of confinement of one and a half years. He filed several petitions for post-conviction relief, claiming that (1) I.C. §§ 18–8005(5) and 18–8005(7) are void for vagueness, and (2) application of the enhancement provision of I.C. § 18–8005(7) to a conviction entered prior to the enactment of I.C. § 18–8005(7) operates as an ex post facto law. He requested that the district court appoint counsel for him.

The district court appointed an attorney to represent Freeman pursuant to I.C. § 19–4904 which gives the district court discretion in determining whether to appoint counsel in post-conviction proceedings. At the same time the district court summarily dismissed Freeman's petition for post-conviction relief. The district court noted that the issue of whether I.C. § 18–8005(7) operates as an ex post facto law has never been decided in Idaho, but Idaho courts have decided that enhancement provisions based on persistent violator status do not violate the prohibition on ex post facto laws. The district court also noted that other jurisdictions have reached the same conclusion with regard to statutes which provide for increased penalties for subsequent DUI offenses. The district court concluded that I.C. §§ 18–8005(7) and 18–

8005(5) were neither vague nor ambiguous; therefore, they are not constitutionally invalid.

Freeman filed two pro se notices of appeal. Upon receiving a copy of the pro se notice of appeal, Freeman's court-appointed counsel filed an amended notice of appeal. After reviewing Freeman's case and determining that the appeal was without merit, Freeman's attorney filed a brief with this Court indicating that the appeal had no merit. In doing so he followed the procedures outlined in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders,* whenever an attorney is appointed to represent a defendant on appeal from a criminal conviction and believes the appeal has no merit, the attorney must submit a brief to the court indicating that belief and referring to anything in the record that might arguably support the appeal. Thereafter, counsel may request permission to withdraw from the appeal. *Id.* at 744, 87 S.Ct. 1396. Freeman's attorney followed the *Anders* procedures and requested this Court's permission to withdraw. This Court initially granted his request to withdraw, but later reinstated him as counsel after Freeman filed a motion for appointment of counsel and a supporting affidavit showing good cause.

The State argues that the *Anders* procedures only apply to first appeals as a matter of right and do not apply to appeals from post-conviction proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The State claims that Freeman is not entitled to have an attorney submit a brief on his behalf when the attorney has determined that the appeal is without merit. The State argues that Freeman's counsel should have submitted a "no-merit letter" or a motion to dismiss. The State fears that allowance of the *Anders* procedures in post-conviction proceedings would have the effect of creating a constitutional right to counsel in post-conviction proceedings, arguing that such a position is contrary to this Court's earlier decisions that there is no statutory or legal right to counsel in post-conviction proceedings. *See Banks v. State,* 128 Idaho 886, 920 P.2d 905 (1996); *Follinus v. State,* 127 Idaho 897, 908 P.2d 590 (Ct.App.

1995). The State also asserts that since Freeman's appeal is without merit, this Court should affirm the district court's summary dismissal of his petition for post-conviction relief.

Both parties agree that there are no meritorious issues in this appeal. The State presents the question of whether Freeman's counsel acted appropriately in submitting the brief saying there are no meritorious issues.

## II.

### FREEMAN'S ATTORNEY ACTED PROPERLY IN THIS CASE.

■ Pursuant to I.C. § 19–4904, the district court may exercise its discretion in determining whether to appoint counsel to represent an indigent petitioner in post-conviction proceedings or on appeal. In this case the district court appointed counsel to represent Freeman at the same time it summarily dismissed Freeman's petition for post-conviction relief. After determining that there were no credible legal arguments he could make to support the issues Freeman raised in his pro se notice of appeal, Freeman's attorney filed a brief with this Court outlining the issues, but admitting that the appeal had no merit. Filing the brief was in accord with the Idaho Appellate Rules and was the appropriate action to take under the circumstances.

■ Idaho Appellate Rule (I.A.R.) 34 requires that the appellant file a brief with the clerk of this Court within thirty-five days of the date of notice that the reporter's transcript and the clerk's or agency's record have been filed with this Court. Idaho Appellate Rule 34 makes no exception for instances where a court-appointed attorney believes that his or her client's appeal is without merit. In those instances where court-appointed counsel believes the appeal has no merit, the attorney must still submit a brief. Requiring the filing of a brief, however, does not mean the appellant has a constitutional right to counsel in the post-conviction proceedings or that *Anders* procedures are applicable. The filing of a brief is simply the fulfillment of an obligation established by

rule once the discretionary decision to appoint counsel has been exercised.

## III.

## THERE IS NO CONSTITUTIONAL RIGHT TO COUNSEL IN POST–CONVICTION PROCEEDINGS.

In addressing the issue of whether *Anders* procedures should apply in appeals from postconviction proceedings, the United States Supreme Court in *Pennsylvania v. Finley* held that "[s]ince [the] respondent has no underlying constitutional right to appointed counsel in state postconviction proceedings, she has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right." 481 U.S. at 557, 107 S.Ct. 1990. There is no statutory or legal right to an attorney in post-conviction proceedings in Idaho. *Banks,* 128 Idaho at 889, 920 P.2d at 908; *Follinus,* 127 Idaho at 902, 908 P.2d at 595. By approving the procedure adopted by Freeman's attorney when he was confronted with being appointed to represent a client whose appeal had no merit, this Court is not suggesting that the petitioner has a constitutional right to an attorney in the post-conviction proceedings. The Court is simply recognizing the procedures set forth in I.A.R. 34 when an attorney has been appointed.

## IV.

## CONCLUSION

The district court's order summarily dismissing Freeman's petition for post-conviction relief is affirmed for the reason that there are no meritorious issues.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.