973 P.2d 758

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Warren A. NICKERSON, Defendant–Appellant.**

No. 23670.

Court of Appeals of Idaho.

Jan. 15, 1999.

Frederick G. Loats, Coeur d'Alene, for appellant.

Hon. Alan G. Lance, Attorney General; Kevin J. Wladyka, Deputy Attorney General, Boise, for respondent.

LANSING, Judge

This is an appeal from a judgment of conviction for driving under the influence of alcohol. The appellant contends that evidence against him should have been suppressed or excluded because the traffic stop that led to his arrest was unlawful and because a breath test was inadmissible for constitutional and foundational reasons. He also asserts that the statute under which his offense was elevated from a misdemeanor to a felony constitutes an ex post facto law as applied in this case.

On May 24, 1996, Idaho State Police Officer Daniel Damitio was in his patrol car with the window down about six inches when an automobile operated by Warren Nickerson passed him going the opposite direction. Officer Damitio heard a sound he identified as studded snow tires coming from Nickerson's car. Based upon a bulletin which the Idaho Transportation Department provided to the State Police, Damitio was aware that the use of studded snow tires was prohibited between April 15 and October 1 annually. He therefore stopped Nickerson's car and visually confirmed that at least the front driver's side tire was a studded snow tire. Upon speaking to Nickerson, Damitio discovered that Nickerson was driving with a suspended license as a result of a previous conviction for driving under the influence of alcohol (DUI). Damitio also noticed that Nickerson's eyes were red and glazed and that the odor of alcohol was emanating from the car. Damitio administered a field sobriety test, which Nickerson did not complete satisfactorily. Damitio then arrested Nickerson for driving without privileges and for DUI. At the police station Nickerson submitted to a breath alcohol concentration test (BAC) which revealed

an alcohol concentration in excess of the statutory limit, I.C. § 18–8004(1).

Nickerson was charged with felony DUI, I.C. § 18–8005(7), to which he pleaded not guilty. He made several pre-trial motions which were denied. After a jury trial, Nickerson was convicted of DUI, which was enhanced to a felony under I.C. § 18–8005(7) because he had been previously convicted of a felony DUI in January 1991. The district court imposed a unified sentence of five years with an eighteen-month minimum term.

Nickerson raises four claims of error on appeal: (1) that evidence derived as a result of the traffic stop should be suppressed because the stop was unlawful; (2) that the district court erred in denying his motion to suppress the breath test results on the basis that the test was conducted without Nickerson's voluntary consent; (3) that the district court erred in admitting the results of the breath test because the State did not establish an evidentiary foundation for the test; and (4) that application of the I.C. § 18–8005(7) provision enhancing the DUI offense to a felony based on Nickerson's prior conviction violates constitutional prohibitions against ex post facto laws.

## ANALYSIS

### A. Validity of the Traffic Stop

■ We consider first Nickerson's assertion that the traffic stop was unlawful. Traffic stops that are not supported by a reasonable, articulable suspicion that the vehicle is being driven contrary to traffic laws or that an occupant is otherwise subject to detention are not consistent with the Fourth Amendment prohibition against unreasonable searches and seizures. *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). The reasonableness of the suspicion must be examined based upon the totality of the circumstances at the time of the stop. *State v. Naccarato,* 126 Idaho 10, 12, 878 P.2d 184, 186 (Ct.App.1994). A reasonable suspicion requires more than speculation or instinct on the part of the officer, but less than the probable cause required for an arrest. *Id.* The test for reasonableness is an objective one, based only upon facts known to the officer at the time of the stop. *State v. Emory,* 119 Idaho 661, 664, 809 P.2d 522, 525 (Ct.App.1991).

Nickerson asserts that the evidence did not establish a reasonable basis for Officer Damitio to stop him. He argues that Officer Damitio could not have possessed the requisite reasonable suspicion that Nickerson was violating the law because Damitio lacked personal experience identifying the sound of studded snow tires, because Nickerson's car was only one of three vehicles passing Damitio's police cruiser at about the time that Damitio said he heard studded tires, and because the rough road could have produced a clicking sound similar to studded tires.

■ In reviewing this challenge to the denial of a suppression motion, we accept the district court's findings of facts if they are supported by substantial evidence, but we freely review the application of constitutional principles to the facts found. *State v. Shepherd,* 118 Idaho 121, 122, 795 P.2d 15, 16 (Ct.App.1990). We must, therefore, determine whether there was substantial evidence to support the district court's finding that Officer Damitio reasonably suspected that Nickerson was driving a car with studded snow tires.

■ The officer testified that, based upon his experience, the sound of studded snow tires is a distinctive sound, similar to the clicking of bicycle spokes. He testified that when Nickerson's car passed his patrol car, he heard that sound through his partially opened window. This testimony provided substantial evidence to support the district court's conclusion that Damitio had a reasonable and articulable basis for stopping Nickerson's car. Nickerson's arguments go to the weight of the evidence adduced at the suppression hearing. The fact that there was countervailing evidence does not warrant a conclusion on appeal that the district court erred, for the credibility and weight to be given to evidence are matters for the finder of fact and will not be second-guessed on

review. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995).

■ Nickerson also asserts that the State's evidence was insufficient to establish that driving a car with studded snow tires on May 24, 1996, was illegal. He points out that I.C. § 49–948(3) leaves it to the Transportation Board to define when studded snow tires may and may not be used.[1] Nickerson contends that because the prosecutor did not offer any evidence that the Transportation Board had exercised its delegated authority to prohibit the use of studded snow tires on May 24, 1996, he did not prove that Officer Damitio reasonably suspected a violation of the law by Nickerson.

■ Nickerson's argument is without merit, for the state of the law is not a question of fact to be proved by evidence but a question of law to be determined by consulting the published law. Prior to Nickerson's arrest, the Transportation Board had promulgated a rule governing the use of studded snow tires. That rule, which is published in the Idaho Administrative Code as IDAPA 39.03.46.100 (1994), states:

> Motor vehicles equipped with tires having built-in lugs of tungsten carbide or of other metallic materials are prohibited on Idaho's public highways between the dates of April 16 and September 30, annually.

Rules and regulations that are properly promulgated by Idaho administrative agencies, although subordinate to Idaho statutes, have the force and effect of law. *Mead v. Arnell*, 117 Idaho 660, 664–65, 791 P.2d 410, 414–15 (1990).[2] The State was not required to "prove" this administrative rule at Nickerson's suppression hearing anymore than it would have been required to place in evidence a copy of the burglary statute if Nickerson had been stopped on suspicion of bur-

glary. Nickerson did not at the suppression hearing and does not on appeal challenge the validity or applicability of IDAPA 39.03.46.100. Therefore, he has not shown error in the district court's determination that Officer Damitio reasonably suspected a violation of law when he signaled Nickerson to stop.

### B. Admission of BAC Results

#### 1. Validity of consent to BAC test

Nickerson next asserts that the BAC test should have been suppressed because his consent to the procedure was involuntary.

After the traffic stop, Nickerson was taken to the Kootenai County Public Safety Building where Officer Damitio read Nickerson an advisory form, based on I.C. § 18–8002, describing the consequences of a refusal to take an alcohol concentration test. Damitio then asked Nickerson to submit to a breath test, but Nickerson refused. Another Officer, Corporal Yeend, checked Nickerson's criminal record and discovered that he was on parole. Corporal Yeend then called Nickerson's parole officer, who advised Yeend to tell Nickerson that the parole officer was ordering him to take a breath test. Corporal Yeend and Officer Damitio informed Nickerson of this conversation and told him that because he was on parole he could not refuse the test, and that if he refused he would go back to prison. Nickerson then submitted to the breath test, which showed an alcohol concentration level in excess of the legal limit. Nickerson asserts that the officers' comments were coercive and rendered his consent to the test involuntary.

■ The administration of an alcohol concentration test is a seizure of the person and a search for evidence within the purview of the Fourth Amendment to the United

---

1. Idaho Code § 49–948(3) states in part:
   No tire on a vehicle moved on a highway shall have on its periphery any block, stud, flange, cleat, spike, or any other protuberance of any material other than rubber which projects beyond the tread of the traction surface of the tire.... Built-in lugs of tungsten carbide or other suitable material of reasonable proportions upon any vehicle when required for safety because of snow, ice, or other conditions tending to cause a vehicle to skid, that will not

unduly damage the highway, may be inserted if approved by the board. The board shall have the power to revoke any permission for built-in lugs at any time it may determine the lugs are unduly damaging the highways.

2. The Idaho Administrative Procedures Act, Title 67, Chapter 52, Idaho Code, governs the procedures by which administrative agencies adopt rules.

States Constitution. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *State v. Woolery,* 116 Idaho 368, 370, 775 P.2d 1210, 1212 (1989); *State v. Curtis,* 106 Idaho 483, 680 P.2d 1383 (Ct.App. 1984). When a warrantless search or seizure is challenged by the defendant, the State bears the burden to show that a recognized exception to the warrant requirement is applicable. *Woolery, supra.* Such an exception exists when the search or seizure is conducted with proper consent. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *State v. Whiteley,* 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct.App. 1993); *State v. Rusho,* 110 Idaho 556, 558, 560, 716 P.2d 1328, 1330, 1332 (Ct.App.1986).

■ Nickerson's argument that his consent to the BAC at the police station was involuntary is of no consequence because he had impliedly consented as a matter of law. One who drives a motor vehicle on Idaho's highways is statutorily deemed to have consented to an evidentiary test for blood alcohol concentration. Idaho Code § 18–8002(1) provides that "[a]ny person who drives or is in actual physical control of a motor vehicle in this state shall be deemed to have given his consent to evidentiary testing for concentration of alcohol" if the test is administered at the request of a peace officer having reasonable grounds to believe that the person has been driving under the influence of intoxicants. By terms of this statute, anyone who accepts the privilege of operating a motor vehicle upon Idaho's highways has thereby consented in advance to submit to a BAC test. *McNeely v. State,* 119 Idaho 182, 187, 804 P.2d 911, 916 (Ct.App.1990). By implying consent, the statute removes the right of a driver to refuse an evidentiary test. *Goerig v. State,* 121 Idaho 26, 29, 822 P.2d 545, 548 (Ct.App.1992). Hence, although an individual has the physical ability to prevent a test, there is no legal right to withdraw the statutorily implied consent. *Woolery,* 116 Idaho at 372, 775 P.2d at 1214; *State v.*

*Burris,* 125 Idaho 289, 291, 869 P.2d 1384, 1386 (Ct.App.1994).

It is thus apparent that the question of Nickerson's consent at the police station, whether voluntary or involuntary, is superfluous, for actual consent at that point is unnecessary to the lawfulness of the procedure or the admissibility of the test results.[3]

### 2. Adequacy of foundation for BAC test results

■ Nickerson also contends that the district court should have excluded the BAC test results from evidence for lack of an adequate foundation regarding the testing equipment, a machine called the Intoxilyzer 5000. He asserts that without expert testimony to prove how the Intoxilyzer 5000 works, what it analyzes, and whether it gives accurate and reliable readings of alcohol concentration, no adequate foundation for the test was laid.

The district court admitted the evidence pursuant to I.C. § 18–8004(4), which provides in part:

Notwithstanding any other provision of law or rule of court, the results of any test for alcohol concentration ... by any ... method approved by the Idaho department of law enforcement shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

Nickerson argues, however, that this statute is of no effect. He relies upon I.R.E. 1102, which states that statutory provisions governing the admissibility of evidence are of no force or effect to the extent that they contradict the Idaho Rules of Evidence. According to Nickerson, I.C. § 18–8004(4) contradicts Article VII of the Idaho Rules of Evidence because it dispenses with the requirement of the rules that scientific evidence be supported by a proper foundation.

In our view, contrary to Nickerson's assertion, I.C. § 18–8004(4) does not eliminate the

---

**3.** Having determined that there was valid implied consent to the test, we need not consider whether the administration of the BAC test was also justified by Nickerson's consent to warrantless searches as a condition of his parole or by

the inherent exigency arising from the destruction of evidence through the metabolism of alcohol in the blood. *See Schmerber,* 384 U.S. at 770, 86 S.Ct. 1826; *Woolery,* 116 Idaho at 370, 775 P.2d at 1212.

foundation requirement for the admission of evidence but, rather, specifies one means by which the necessary foundation may be established for alcohol concentration tests. The statute provides that a foundation may be laid by evidence that the testing procedure was a "method approved by the Idaho department of law enforcement." The Idaho courts have long approved use of this statutory mode of laying a foundation. *See, e.g., State v. Bell,* 115 Idaho 36, 764 P.2d 113 (Ct.App.1988); *State v. Hartwig,* 112 Idaho 370, 374–75, 732 P.2d 339, 343–44 (Ct.App. 1987). To gain admission of a test result, the prosecution may provide a foundation consisting of *either* expert testimony *or* a showing that the test was administered by a method approved by the Department of Law Enforcement and in conformity with the Department's approved procedure. *Bell,* 115 Idaho at 39–40, 764 P.2d at 116–17. If the State elects to proceed under § 18–8004(4), it must not only show that the test equipment was approved by the Department but also that the equipment was operated and the test administered in conformity with the Department's standards. *Id.* Section 18–8004(4) essentially creates a rebuttable presumption that equipment and test procedures approved by the Department are valid and reliable. *Bell,* 115 Idaho at 39, 764 P.2d at 116 (noting that the legislature "has acknowledged that certain tests, due to a history of reliability and accuracy, are presumed to be valid and acceptable."). If the defendant believes the Department-approved equipment or test procedure to have been inaccurate or unreliable, the defendant may seek exclusion of the test by presenting evidence to demonstrate its unreliability. *See State v. Crea,* 119 Idaho 352, 354, 806 P.2d 445, 447 (1991); *State v. Smith,* 130 Idaho 759, 762, 947 P.2d 1007, 1010 (Ct.App.1997); *State v. Bradley,* 120 Idaho 566, 568, 817 P.2d 1090, 1092 (Ct.App. 1991); *State v. Greathouse,* 119 Idaho 732, 736, 810 P.2d 266, 270 (Ct.App.1991); *Hartwig,* 112 Idaho at 374–75, 732 P.2d at 343–44 (Ct.App.1987). These procedures authorized by § 18–8004(4) meet foundational standards under the Idaho Rules of Evidence, and we perceive no conflict between the statute and the rules which would render the statute ineffective.

### C. Ex Post Facto Law

Nickerson next asserts that the district court erred in denying his motion to dismiss on the basis that the statute under which he was convicted of felony DUI, § 18–8005(7), violates the prohibitions against ex post facto laws found in Article 1, § 10 of the United States Constitution and in Article 1, § 16 of the Idaho Constitution.

Section 18–8005(7) elevates a DUI offense from a misdemeanor to a felony if the defendant had, within the previous ten years, pleaded guilty or had been found guilty of felony driving under the influence of drugs or alcohol.[4] Nickerson asserts that because his prior felony DUI occurred in 1991, before the enactment of subsection 7 of § 18–8005 in 1992,[5] the statute is an ex post facto law when applied to his circumstance.[6]

---

4. I.C. § 18–8005(7) states:
   Notwithstanding the provisions of subsections (4) and (5) of this section, any person who has pled guilty or has been found guilty of a felony violation of the provisions of section 18–8004, Idaho Code, a felony violation of the provisions of section 18–8004C, Idaho Code, a violation of the provisions of section 18–8006, Idaho Code, or a violation of the provisions of section 18–4006 3.(b), Idaho Code, and within ten (10) years pleads guilty or is found guilty of a further violation of the provisions of section 18–8004, Idaho Code, shall be guilty of a felony and shall be sentenced pursuant to subsection (5) of this section.

5. 1992 Idaho Sess. Laws c. 139 at 431.

6. An ex post facto law is:

   1st, every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime or makes it greater than law, and which was innocent when done, criminal; and punishes such action. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different testimony, than the law required at the time of the commission of the offense, in order to convict the offender.
   *State v. Byers,* 102 Idaho 159, 166, 627 P.2d 788, 795 (1981) (quoting *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 390, 1 L.E. 648 (1798).)

An argument identical to that raised by Nickerson, that the enhancement provision of I.C. § 18–8005(7) is an ex post facto law when applied to a conviction entered before adoption of the statute, was recently rejected, if somewhat obliquely, by our Supreme Court. In *Freeman v. State*, 131 Idaho 722, 963 P.2d 1159 (1998), the Idaho Supreme Court determined that an attorney representing the applicant/appellant in a post-conviction relief case acted correctly in submitting an *Anders*[7] brief on appeal because the issues raised by the applicant were without merit. One of the issues presented by the applicant was whether the enhancement provision of I.C. § 18–8005(7), when applied to a conviction that occurred before adoption of the statute, operated as an ex post facto law. The Supreme Court described the basis for the district court's dismissal of this claim as follows:

> The district court noted that the issue of whether I.C. § 18–8005(7) operates as an ex post facto law has never been decided in Idaho, but Idaho courts have decided that enhancement provisions based on persistent violator status do not violate the prohibition on ex post facto laws.[8] The district court also noted that other jurisdictions have reached the same conclusion with regard to statutes which provide for increased penalties for subsequent DUI offenses.

*Id.* at 722, 963 P.2d at 1159. Without further addressing the applicant's argument, the Supreme Court went on to affirm the dismissal of the post-conviction relief application "for the reason that there are no meritorious issues."

We find the Idaho Supreme Court's rejection of Freeman's claim to be dispositive. It is also in accord with the great weight of authority. *See State v. Yellowmexican*, 142 Ariz. 205, 688 P.2d 1097 (Ariz.App.1984); *People v. Snook*, 16 Cal.4th 1210, 69 Cal.

Rptr.2d 615, 947 P.2d 808 (1997); *Roberts v. State*, 494 A.2d 156 (Del.1985); *People v. Granados*, 172 Ill.2d 358, 217 Ill.Dec. 253, 666 N.E.2d 1191 (1996); *State v. Willis*, 332 N.W.2d 180 (Minn.1983); *State v. Pratt*, 286 Mont. 156, 951 P.2d 37 (1997); *State v. Levey*, 122 N.H. 375, 445 A.2d 1089 (1982); *Akron v. Kirby*, 113 Ohio App.3d 452, 681 N.E.2d 444 (1996); *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985). We therefore hold that the application of I.C. § 18–8005(7) in Nickerson's case did not violate constitutional prohibitions against ex post facto laws.

### CONCLUSION

The trial court correctly denied Nickerson's motion to suppress results of the BAC test and properly overruled Nickerson's objections to admission of the test on foundation grounds. The district court also acted correctly in denying Nickerson's motion to dismiss on the ground that I.C. § 18–8005(7) was being applied as an ex post facto law. Nickerson's judgment of conviction is affirmed.

Chief Judge PERRY and Judge SCHWARTZMAN, CONCUR.

---

7. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). As explained in *Freeman:* "Under *Anders*, whenever an attorney is appointed to represent a defendant on appeal from a criminal conviction and believes the appeal has no merit, the attorney must submit a brief to the court indicating that belief and referring to anything in the record that might argu-

ably support the appeal. Thereafter, counsel may request permission to withdraw from the appeal." *Freeman*, 963 P.2d at 1160.

8. *State v. Polson*, 93 Idaho 912, 478 P.2d 292 (1970). *See also Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948).