83 P.3d 139

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brian Neal ALFORD, Defendant–Appellant.**

No. 29539.

Court of Appeals of Idaho.

Jan. 7, 2004.

**596**

John M. Adams, Chief Kootenai County Public Defender; Julia Garrett Tyson, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Brian Neal Alford appeals from the district court's intermediate appellate decision affirming his judgment of conviction and sentence for driving under the influence. We affirm.

## I.

## FACTS AND PROCEDURE

In February 2002, an officer driving behind Alford observed Alford's vehicle repeatedly cross the centerline into the oncoming lane of traffic. The officer stopped Alford, walked to the vehicle, and began asking questions. The officer noticed the smell of alcohol coming from Alford. After administering field sobriety tests, the officer concluded that Alford was under the influence of alcohol. A breath test was administered using an Alco–Sensor III device, which showed that Alford had an alcohol concentration of .156, nearly twice the .08 legal limit. As a result, Alford was charged with driving under the influence (DUI).

Prior to trial, Alford moved to exclude the results of the breath test, claiming that the state was unable to provide a proper foundation for the admissibility of the Alco–Sensor III test results. Alford also claimed that the reliability of the test results was not demonstrated as required by I.R.E. 702. Alford's motion was denied. At trial, the arresting officer testified regarding the traffic stop, the field sobriety tests, and the results of the breath test. Alford was found guilty by a jury. A judgment of conviction was entered, and Alford was sentenced for DUI. Alford appealed to the district court, claiming that the magistrate erred when it denied his motion to exclude the results of his breath test. Alford also argued that he was denied due process of law during trial because the arresting officer falsely testified that the operating procedures for administering the breath test are codified in the Idaho Administrative Code (IDAPA). On intermediate appeal, the district court affirmed the magistrate. Alford raises the same issues on this appeal.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

## A. Breath Test Results

Prior to and at trial in this case, Alford moved to exclude the results of the breath tests administered by the arresting officer. Alford claimed that the state was unable to lay a proper foundation for admitting the results. The magistrate ruled that the use of breath test results from the Alco–Sensor III had been approved in accordance with statutory law and were, therefore, admissible.

The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct.App.1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973–74, 829 P.2d 861, 863–64 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). The question in this case is whether the magistrate acted consistently with the legal standards applicable to the admission of the breath test results.

At the time of Alford's motion to exclude, Idaho Code Section 18–8004(4) provided:

> Notwithstanding any other provision of law or rule of court, the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control performed by a laboratory operated or approved by the Idaho state police or by any other method approved by the Idaho state police shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

The Idaho state police department has approved for breath testing the instruments listed in the "Conforming Products List of Evidential Breath Measurement Devices" published in the Federal Register by the United States Department of Transportation. *See* IDAPA 11.03.01.013.01. The conforming products list, in turn, includes the Alco–Sensor III. *See* Model Specifications for Devices to Measure Breath Alcohol, 65 Fed.Reg. 45,-419, 45,421 (July 21, 2000). Thus, the magistrate properly determined that the Alco–Sensor III device had been approved by the Idaho state police for breath testing. Alford conceded at trial that the Alco–Sensor III was an approved device. On appeal, Alford claims that the state failed to demonstrate that the Idaho state police acted in accordance with the Idaho Administrative Procedures Act (IAPA) when it approved the use of the Alco–Sensor III. Alford also argues that the state failed to prove the scientific reliability of the device as required by I.R.E. 702.

We conclude that IAPA does not apply when the Idaho state police approves the methods for determining an individual's alcohol concentration. An agency may promulgate rules only when specifically authorized by statute. I.C. § 67–5231(1). An agency action is a rule if it is a statement of general applicability and implements, interprets, or prescribes existing law. *Asarco Inc. v. State*, 138 Idaho 719, 723, 69 P.3d 139, 143 (2003). However, the Idaho Supreme Court has recognized that this definition of a rule is too broad to be workable. *See id.* Under such a definition, virtually every agency action would constitute a rule requiring rulemaking procedures. *Id.* Therefore, the Supreme Court has provided guidance in order to determine when agency action is rulemaking. The Supreme Court considers the following characteristics of agency action indicative of a rule: (1) has wide coverage; (2) applies generally and uniformly; (3) operates only in future cases; (4) prescribes a legal standard or directive not otherwise provided by the enabling statute; (5) expresses agency policy not previously expressed; and (6) is an interpretation of law or general policy. *Id.*

In this case, the Idaho state police action approving the use of the Alco–Sensor III was not rulemaking. While the first three factors may be present, none of the last three apply in this case. The DUI statute already prescribes the legal standard limiting an individual's alcohol concentration. Alford has failed to demonstrate that any Idaho state police policy was expressed, or that any law or policy was interpreted, by the approval of the Alco–Sensor III. Instead, the Idaho state police properly carried out a statutory duty to authorize the use of certain breath-testing equipment by law enforcement agencies. In doing so, it identified equipment that it found to be suitable for such purpose. It did not create additional legal requirements. Thus, the state was not required to provide evidence of Idaho state police compliance with IAPA in approving the use of the Alco–Sensor III.

Alford argues that the state failed to provide a foundation demonstrating the scientific reliability of the Alco–Sensor III as required by I.R.E. 702. If the state elects to proceed under Section 18–8004(4), it must show that the test equipment was approved and that the equipment was operated and the test administered in conformity with the applicable standards. *State v. Nickerson*, 132 Idaho 406, 411, 973 P.2d 758, 763 (Ct. App.1999). Section 18–8004(4) essentially creates a rebuttable presumption that approved equipment and test procedures are valid and reliable. *Id.* If the defendant believes the equipment or test procedures to have been inaccurate or unreliable, the defendant may seek exclusion of the test by presenting evidence to demonstrate its unreliability. *Id.* These procedures authorized by Section 18–8004(4) meet the foundational standards under the Idaho Rules of Evidence. *Id.*

As stated previously, the Alco–Sensor III was approved by the Idaho state police. Additionally, the arresting officer testified that the device had been certified; that he followed the procedures required for accurate use of the device, including conducting a calibration check within twenty-four hours of using it; and that he was certified by the state as a specialist and an instructor in its operation. Alford did not provide any evidence demonstrating the device's unreliability. Thus, Alford has failed to show that the proper foundation for admission of the test results was not established.

**B. False Testimony**

Alford claims that his due process rights were violated because the arresting officer falsely testified at trial that the procedures for operating the Alco–Sensor III were codified in IDAPA. Alford argues that this bolstered the officer's testimony, rather than showing the jury that he was not credible, in violation of his right to fundamental fairness.

The state may not knowingly use false evidence, including false testimony, to obtain a conviction. *Sivak v. State*, 134 Idaho 641, 649, 8 P.3d 636, 644 (2000). In this case, the arresting officer testified that IDAPA contains the operating procedures for using breath-testing devices. He clarified under cross-examination that the rules and procedures he was referring to were either covered by IDAPA or Idaho state police rules. The essence of the officer's testimony was that he had previously been trained and followed the prescribed police procedures for operating the Alco–Sensor III, whether they were contained in IDAPA or some other place. Alford has failed to demonstrate that the officer's testimony was false. His claim is, therefore, without merit.

## III.

## CONCLUSION

Alford has failed to demonstrate that the magistrate erred in admitting the results of Alford's breath tests. He has also failed to show that his due process rights were violated when the arresting officer testified at trial. The district court's intermediate appellate decision upholding Alford's judgment of conviction and sentence is affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.