**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43520**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 50** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: July 18, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **LACY STARR LUNA,** | ) | |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. D. Duff McKee, District Judge; Hon. Randall F. Kline, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, reversing denial of motion to dismiss, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Coffel & Beaber, P.C.; Alan J. Coffel, Nampa, for respondent. Alan J. Coffel argued.

_____

GUTIERREZ, Judge

The State of Idaho appeals from the district court's intermediate appellate decision reversing the magistrate's order denying Lacy Starr Luna's motion to dismiss. Specifically, the State contends that even though several of Luna's breathalyzer test results were under the legal limit, she was nonetheless subject to prosecution under Idaho Code § 18-8004(2) because those results were unreliable. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officers responded to a report of a single vehicle accident. The driver, Luna, admitted to consuming alcohol, but denied being involved in an accident. After the required fifteen-minute observation period, officers administered a breath test. The first test strip reported three breath

alcohol concentration (BAC) results: 0.146, 0.021, and 0.013. Officers suspected that Luna was attempting to defeat the test by blowing around the tube. They administered a second test. The second test strip reported two test results: 0.011 and 0.000. The officers again noticed that Luna was attempting to manipulate the test by plugging the tube with her tongue and blowing out the sides of her mouth. Officers advised Luna to cooperate by providing a complete breath sample. On the third test, the breathalyzer reported three results: insufficient, 0.112, and 0.115. Thus, out of the eight breath samples solicited by officers, the machine returned completed results on seven samples. Luna was arrested and charged with driving under the influence (DUI), Idaho Code § 18-8004.

Luna filed a "Motion to Dismiss/Motion in Limine" contending that, pursuant to I.C. § 18-8004(2), the State could not prosecute her for DUI because three of the seven machine-validated test results were under the legal limit of 0.08 and, per the statutory language of Section 18-8004(2), the State was precluded from prosecuting where a valid result is below 0.08.[1] In response, the State argued that because Luna was manipulating the test to achieve the result below 0.08, the magistrate should allow prosecution, as the low results were unreliable. The magistrate held as follows:

> Based upon the testimony that's been presented, the Court's going to make a finding that based upon the officer's testimony, based on his training and experience that there are ways to manipulate the test which would not render an insufficient but would still not be a true representation, the Court's going to deny your motion . . . . The Court's going to indicate that all three tests would be brought before--can be brought before the jury. They can figure out the validity or the trustworthiness. It becomes a factual matter at that point.

---

[1]   Idaho Code § 18-8004(2) reads as follows:

> Any person having an alcohol concentration of less than 0.08, as defined in subsection (4) of this section, as shown by analysis of his blood, urine, or breath, by a test requested by a police officer *shall not be prosecuted* for driving under the influence of alcohol, except as provided in subsection (3), subsection (1)(b) or subsection (1)(d) of this section. Any person who does not take a test to determine alcohol concentration or whose test result is determined by the court to be unreliable or inadmissible against him, may be prosecuted for driving or being in actual physical control of a motor vehicle while under the influence of alcohol, drugs, or any other intoxicating substances, on other competent evidence.

(emphasis added).

Luna entered a conditional guilty plea, expressly reserving the right to appeal the magistrate's denial of the motion to suppress.[2]

Luna then filed a notice of appeal to the district court, arguing that the magistrate erred by not dismissing her case. In its appellate decision, the district court found that, because the State did not produce a qualified expert to explain the low test results, the State did not produce sufficient evidence to establish that the low results were unreliable. The district court also found that, because several of the results were under the 0.08 threshold, the State was prohibited from prosecuting Luna under the statute. The district court entered an order reversing the decision of the magistrate, setting aside the guilty plea, and vacating the judgment of conviction.[3] The State appeals.

## II.

## ANALYSIS

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id*. Where an intermediate appeal has occurred, only issues raised in that intermediate appeal may be brought forward to a higher appellate court. *Matthews v. Jones*, 147 Idaho 224, 228, 207 P.3d 200, 204 (Ct. App. 2009).

As a preliminary matter, we note that there are repeated discrepancies in the record regarding the actual issue that was appealed to and decided by the district court. In its appellate decision, the district court focused its legal analysis on the admissibility of Luna's BAC results, finding that in the absence of an expert opinion testifying about the unreliability of the low BAC

---

[2]    Notably, there was never a motion to suppress before the magistrate. Although the plea included language reserving Luna's right to appeal the motion to suppress specifically, there was no language in her plea agreement precluding her from appealing any other issues.

[3]    There was no judgment of conviction entered by the magistrate in this case. Sentencing was suspended to await the decision on appeal.

3

results, the State could not properly rely on the BAC results *and* prosecute under I.C. § 18-8004(2). Ultimately, the district court reversed the decision of the magistrate. Now, on appeal to this Court, the State challenges the district court's order vacating the magistrate's denial of Luna's motion to dismiss, yet still references the underlying procedural issue as being "the magistrate's denial of [Luna's] motion to suppress evidence of BAC breath testing."

The failure of an appellant to include an issue in the statement of issues required by Idaho Appellate Rule 35(a)(4) will eliminate consideration of the issue from appeal. *State v. Crowe*, 131 Idaho 109, 111, 952 P.2d 1245, 1247 (1998). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Id.* Despite the fact that a motion in limine, motion to suppress, and motion to dismiss each have distinct standards of review, both parties tend to argue the ultimate issue in the case, which is whether the case should have been dismissed. Neither party has advanced any argument that the BAC results were not properly admitted or that they should be suppressed. Because the district court considered and decided the issue of whether prosecution was permissible under I.C. § 18-8004(2), we hold that denial of the motion to dismiss is properly before the Court for our consideration.[4]

The standard of review for a trial court's decision on a motion to dismiss is abuse of discretion. *State v. Daniels*, 134 Idaho 896, 898, 11 P.3d 1114, 1116 (2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

On appeal, the State contends that Luna's manipulation of the breath tests rendered the low results unreliable for purposes of establishing a BAC less than the legal limit and that Luna was not entitled to dismissal where the low BAC results were unreliable. Conversely, Luna argues that the State was statutorily barred from prosecuting Luna based on her BAC results because three of the seven breath samples, which were machine-validated, tested less than the

---

[4] We do not address the admissibility of all eight breath test results, as neither party argues that any of the tests were inadmissible. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (holding a party waives an issue on appeal if either authority or argument is lacking).

4

statutory limit of 0.08 and because the State did not provide sufficient evidence to show that the low results were inaccurate or unreliable. Thus, we consider the specific issue as whether the State provided sufficient evidence to support the magistrate's finding that the low results were unreliable such that prosecution was permissible under I.C. § 18-8004(2).

We first turn to the determination of what constitutes substantial and competent evidence to support a finding that a particular low test result is unreliable. Idaho Code § 18-8004(4) establishes a rebuttable presumption that BAC results from approved equipment taken in accordance with approved procedures are reliable; the State is not required to utilize an expert to establish reliability. *State v. Alford*, 139 Idaho 595, 598, 83 P.3d 139, 142 (Ct. App. 2004). However, a reverse presumption as to the reliability of BAC results is not necessarily true; a deviation in procedure or use of an unapproved device does not always render a particular result unreliable. *See State v. Mazzuca*, 132 Idaho 868, 870-81, 979 P.2d 1226, 1228-29 (Ct. App. 1999) (holding partially completed samples were reliable, even though "deficient").

The State would have us hold that because the predicates to accurate testing can be established by lay testimony, the predicates to inaccurate testing can also be established through lay testimony. We are not persuaded. Where the results involve both the reliability and unreliability of the same BAC testing procedure on the same device, the State must produce an expert witness to explain the circumstances under which specific results are reliable while others are not. A court may find, through lay testimony, something occurred in the test procedure that may have had an effect on the result obtained, thus raising a factual issue as to whether the result is reliable. However, the court would be unable to discern the effect of such deviation on the BAC result without testimony from an expert witness having specialized knowledge of breathalyzer testing. *See, e.g.*, *State v. Healy*, 151 Idaho 734, 737, 264 P.3d 75, 78 (Ct. App. 2011) (holding where administrative procedures were not complied with, an expert must testify as to why procedural defects did not affect reliability of test results); *State v. Charan*, 132 Idaho 341, 343, 971 P.2d 1165, 1167 (Ct. App. 1998) (noting where compliance with approved procedures for test administration is not shown, expert testimony is required to establish foundation for BAC results); *State v. Phillips*, 117 Idaho 609, 613, 790 P.2d 390, 394 (Ct. App. 1990) (holding that where blood alcohol test procedures were questionable, expert testimony was needed to establish reliability). Thus, we hold that where any breathalyzer test result is below

5

the legal limit, in order to avoid dismissal, the State must produce an expert witness to establish the relationship between the administration of the test and the resulting unreliability of the result.

Turning to the facts in Luna's case, during the hearing on Luna's motion to dismiss, the magistrate heard testimony from the officer that administered the breathalyzer tests to Luna. The officer testified as to his training, certification, and experience in the administration of breath tests on the machine used. He also testified that there are ways in which a subject can manipulate the test that will cause misreadings by the machine while still returning a completed test result based on sufficient airflow. The officer stated that during the administration of the test, he observed Luna "holding the [machine] in front of her and . . . blowing around the tube." He opined that despite the air sample being accepted by the machine as sufficient to render a completed result, Luna's conduct was indicative of an attempt to manipulate the test and caused the machine to "read the lower scores that it did." At no time did the State present expert testimony regarding the effect of Luna's manipulation of the breathalyzer on the test results. At the conclusion of the hearing, the magistrate denied Luna's motion to dismiss, finding that the low test results were unreliable. The magistrate based this finding upon the officer's testimony, training, and experience, stating "there are ways to manipulate the test which would not render an insufficient [result] but would still not be a true representation."

Here, the officer was not qualified as an expert having specialized knowledge of breathalyzer testing. Nor was he qualified to opine on the effect of Luna's manipulation of the breath sample on the breathalyzer's results. His qualification to testify was limited to the facts regarding the administration of the test, including his observations of Luna's conduct during its administration. In this instance, where the magistrate was presented with evidence that Luna manipulated the breath test, the State was required to present expert testimony to explain how the manipulation rendered the low results unreliable before the magistrate could make a finding of unreliability. Thus, the magistrate's factual finding that the low results were unreliable was not based upon substantial and competent evidence.

## III.

## CONCLUSION

The district court did not err in reversing the magistrate's denial of Luna's motion to dismiss. Because the State did not present an expert witness establishing the unreliability of

Luna's low breath test results, the magistrate's finding of unreliability was not based on substantial and competent evidence. We, therefore, affirm the district court's decision.

Judge GRATTON and Judge HUSKEY **CONCUR**.