870 So.2d 447 (2004)
STATE of Louisiana, Appellee,
v.
James Craig BENNETT, Appellant.
No. 38,246-KA.
Court of Appeal of Louisiana, Second Circuit.
April 7, 2004.
Rehearing Denied May 6, 2004.
*448 Louisiana Appellate Project by Kenota P. Johnson, for Appellant.
James Craig Bennett, Pro se.
Paul J. Carmouche, District Attorney, J. Thomas Butler, Shenequa L. Grey, Assistant District Attorneys, for Appellee.
Before STEWART, PEATROSS and LOLLEY, JJ.
STEWART, J.
James Craig Bennett ("Bennett") appeals his conviction of driving while intoxicated, fourth offense. He was sentenced to ten years at hard labor, all but 60 days suspended and Bennett was placed on 5 years active probation and 5 years of home incarceration to run concurrent with the probation. We note that this appeal is one of two DWI convictions of the same defendant pending in this court. The other is State v. James Craig Bennett, # 38,247-KA. For the reasons that follow, we affirm the defendant's conviction and sentence.

FACTS
The facts are straightforward and not in dispute. At approximately 4:00 a.m. on September 16, 2000, a deputy sheriff observed Bennett's car weaving and crossing the fog line. When the defendant was pulled over, the deputy smelled alcohol on his breath. Bennett failed his field sobriety test, and his breath tested out at .152% BAC.
In brief to this court, Bennett acknowledges arrest records show this was his sixth DWI. The original bill of information alleged the defendant to have four prior DWI convictions. An amended bill of information alleged three prior DWI convictions, to wit:
1) July 8, 1993 conviction in the First JDC, Docket # 161236
2) July 8, 1993 conviction in the First JDC, Docket # 163237
3) June 18, 1993 conviction in the 26th JDC, Docket # T-31493.
A unanimous jury found the defendant guilty of DWI, fourth offense. The defendant filed a motion for new trial, and a motion for a post-judgment verdict of acquittal, both alleging in part that the state had failed to prove that the defendant had three prior convictions. The trial court denied the motions, and sentenced the defendant to 10 years at hard labor, of which all but 60 days was suspended, and the 60 days was to be without benefit of probation, parole, or suspension of sentence. The defendant was ordered to serve 5 years on home incarceration in lieu of imprisonment. The defendant was also placed on 5 years active probation, which included special conditions, such as a substance abuse treatment program. On appeal, the defendant does not challenge this sentence as excessive.
The defendant was also found guilty of DWI Fourth offense in # 38,247-KA. The *449 defendant appealed both convictions. The cases were not consolidated for trial, and have not been consolidated for appeal. In both appeals the defendant's appellate counsel has filed Benjamin[1] briefs, and motions to withdraw, alleging she has found no non-frivolous issues to raise on appeal.
However, the defendant has filed a pro se brief, alleging several errors. First, the defendant asserts that the bill of information in one of his earlier DWI convictions, incorrectly alleges an offense date of January 16, 1992, instead of January 16, 1993. However, the defendant does not dispute that he was convicted of DWI on July 8, 1993, as is alleged in the bill of information in this case. The defendant has failed to show how an error as to a date in a bill of information in a prior conviction would have any impact on the present bill of information. La. R.S. 14:98 provides for enhanced penalties for convictions, not arrests. An incorrect date as to arrest for DWI does not invalidate the bill of information. The date of arrest is not essential and could have been amended at any time. La.C.Cr.P. arts. 468 and 487; State v. Hernandez, 410 So.2d 1381 (La. 1982). As a result, this claim is without merit.
The defendant also argues that two of his DWI offenses occurred before June 21, 1993, when amendments to La. R.S. 14:98(F)(2) went into effect, increasing the cleansing period of DWI convictions from five years to ten years. The defendant argues that at the time of the offenses, the 1993 convictions were limited to a five-year cleansing period, and the use of them to enhance the present 2000 DWI charge constitutes the ex post facto application of the law in violation of the state and federal constitutions. Nonetheless, the defendant fails to note that this court has previously held that the use of the 1993 increase of the "cleansing period" of DWI convictions from five years to ten years in earlier convictions, does not constitute an ex post facto application of the law. State v. Hall, 648 So.2d 1 (La.App. 2d Cir.1994), writ denied, 664 So.2d 406, XXXX-XXXX (La.11/29/95). Therefore, this claim is without merit.
The defendant also makes vague, general claims as to ineffective assistance of counsel, without providing any specific facts forming the basis of those claims. Assignments of error which are neither briefed nor argued are considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir. 1989), writ denied, 558 So.2d 1123 (La. 1990).

CONCLUSION
The bill of information and arraignment were properly done. The defendant was convicted by a proper jury verdict. The defendant was properly sentenced pursuant to the applicable statute. The defendant's appellate counsel's motion to withdraw is granted. Consequently, the defendant's conviction and sentence are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, PEATROSS, and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990).