206 P.3d 497

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Frankie Gene LAMB, Defendant–Appellant.**

No. 34969.

Court of Appeals of Idaho.

March 4, 2009.

Review Denied April 16, 2009.

Thomas A. Sullivan of Wiebe & Fouser, P.A., Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ann Wilkinson, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Frankie Gene Lamb appeals from his conviction for felony driving under the influence, asserting that the pursuit of the charge as a felony violates due process and the constitutional prohibition of ex post facto laws. We affirm.

## I.

### FACTS AND PROCEDURE

In 2001 and again in 2003, Lamb was convicted of misdemeanor driving under the influence for offenses committed in Idaho. Under the law in effect at those times, a third DUI offense within five years could be charged as a felony. Idaho Code § 18–8005(5) (2003). Lamb was given warnings to that effect pursuant to I.C. § 18–8005(1)(c).

In 2006, the Idaho legislature amended I.C. § 18–8005(5) to provide that a third offense within *ten* years could be charged as a felony. On June 28, 2007, Lamb again drove while intoxicated. Because of his two prior DUI convictions within ten years, he was charged with felony driving under the influence.

Lamb filed a motion to dismiss Part II of the information, which contained the allegations concerning his prior convictions. The motion sought reduction of the charge to a misdemeanor. Lamb contended that, in his circumstance, application of the 2006 statutory amendment violated the prohibitions against ex post facto laws found in Article I, Section 10 of the United States Constitution and in Article I, Section 16 of the Idaho Constitution and abridged his right to due process of law. The district court denied the motion. Lamb then conditionally pleaded

guilty, reserving the right to appeal the denial of his motion.

## II.

## ANALYSIS

### A. Ex Post Facto Law

■ Lamb first contends that application of the 2006 "three within ten" amendment to the statute violated the constitutional prohibitions against ex post facto laws.

■ Article I, Section 10, of the United States Constitution prohibits a state from passing an ex post facto law. Similarly, Article I, Section 16 of the Idaho Constitution provides that: "No ... ex post facto law ... shall ever be passed."[1] An ex post facto law is:

> 1st. Every law that makes an action, done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

*Calder v. Bull*, 3 U.S. 386, 390, 3 Dall. 386, 390, 1 L.Ed. 648, 650 (1798). Although expressed over two hundred years ago, the *Calder* formulation remains the law in defining the scope of the ex post facto prohibitions set forth in the federal constitution. *See Stogner v. California*, 539 U.S. 607, 612, 123 S.Ct. 2446, 2450, 156 L.Ed.2d 544, 552 (2003); *Carmell v. Texas*, 529 U.S. 513, 522, 120 S.Ct. 1620, 1627, 146 L.Ed.2d 577, 588 (2000). The *Calder* formulation has also been applied to our corresponding state constitutional prohibition on ex post facto laws. *See State v. Byers*, 102 Idaho 159, 166, 627 P.2d 788, 795

(1981); *State v. Nickerson*, 132 Idaho 406, 411 n. 6, 973 P.2d 758, 763 n. 6 (Ct.App.1999).

The United States Supreme Court has consistently and routinely stated that statutes that increase penalties for recidivism do not violate the ex post facto clause of the federal constitution. *Parke v. Raley*, 506 U.S. 20, 26–27, 113 S.Ct. 517, 521–22, 121 L.Ed.2d 391, 401–02 (1992); *Spencer v. Texas*, 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606, 611 (1967); *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683, 1687 (1948); *McDonald v. Massachusetts*, 180 U.S. 311, 313, 21 S.Ct. 389, 390, 45 L.Ed. 542, 547 (1901). The Idaho Supreme Court has done the same. *Freeman v. State*, 131 Idaho 722, 963 P.2d 1159 (1998); *State v. Polson*, 93 Idaho 912, 914, 478 P.2d 292, 294 (1970).

In *Nickerson*, this Court likewise rejected an ex post facto challenge to a DUI recidivism statute in circumstances very similar to the present case. Nickerson was convicted in 1991 of felony driving under the influence. In 1992, the Idaho legislature amended I.C. § 18–8005(7) to provide that any DUI could be charged as a felony if the defendant had previously been convicted of felony driving under the influence within ten years. In 1996, Nickerson again drove while intoxicated and, based on the amended statute, his offense was charged as a felony. Nickerson contended that the amendment was an impermissible ex post facto law when applied to his circumstance, but this Court disagreed. *Nickerson*, 132 Idaho at 411–12, 973 P.2d at 763–64. In reaching our decision in *Nickerson*, we cited a number of cases from other jurisdictions rejecting similar ex post facto challenges to recidivist DUI statutes: *State v. Yellowmexican*, 142 Ariz. 205, 688 P.2d 1097 (Ct.App.1984); *People v. Snook*, 16 Cal.4th 1210, 69 Cal.Rptr.2d 615, 947 P.2d 808 (1997); *Roberts v. State*, 494 A.2d 156 (Del.1985); *People v. Granados*, 172 Ill.2d 358, 217 Ill.Dec. 253, 666 N.E.2d 1191 (1996); *State v. Willis*, 332 N.W.2d 180 (Minn.1983); *State v. Pratt*, 286 Mont. 156, 951 P.2d 37 (1997); *State v. Levey*, 122 N.H. 375, 445

---

**1.** Our State Supreme Court has twice stated that the two provisions are not necessarily of the same scope or subject to the same interpretation, but the two provisions have generally been cited together without recognition of the possibility of a difference. *See State v. Gragg*, 143 Idaho 74, 75, 137 P.3d 461, 462 (Ct.App.2005) (collecting cases). In this appeal, Lamb does not assert any distinction.

A.2d 1089 (1982); *City of Akron v. Kirby,* 113 Ohio App.3d 452, 681 N.E.2d 444 (1996); *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985). In this appeal, the State adds more cases to this line of authority: *State v. Hickey,* 80 Conn.App. 589, 836 A.2d 457 (2003); *Botkin v. Commonwealth,* 890 S.W.2d 292 (Ky.1994); *State v. Bennett,* 870 So.2d 447 (La.Ct.App.2004); *Dixon v. State,* 103 Nev. 272, 737 P.2d 1162 (1987); *State v. Marshall,* 81 P.3d 775 (Utah Ct.App. 2003); *City of Richland v. Michel,* 89 Wash. App. 764, 950 P.2d 10 (1998). Lamb cites no contrary authority from any jurisdiction.

Lamb recognizes that his assertion of an ex post facto violation has been directly decided against him in *Nickerson,* but contends that the United States Supreme Court's recent decision in *Stogner* changed the law. In *Stogner,* California had adopted a statute that, in limited circumstances, revived the statute of limitation for sex crimes against children, thereby allowing prosecutions that were theretofore barred by the statute of limitation. A criminal charge was brought against the defendant in reliance on this revival statute. In a 5–4 decision, the *Stogner* majority held that application of the *Calder* principles dictated that "a law enacted after expiration of a previously applicable limitations period violates the *Ex Post Facto* Clause when it is applied to revive a previously time-barred prosecution." *Stogner,* 539 U.S. at 632–33, 123 S.Ct. at 2461, 156 L.Ed.2d at 565. The majority explained that after the original statute of limitation had expired, a party in the defendant's position was no longer "liable to any punishment," and therefore California's new statute "aggravated" the defendant's alleged crime or made it "greater than it was when committed," because it inflicted punishment for past criminal conduct that did not trigger such liability at the time the new law was enacted. *Id.* at 633, 123 S.Ct. at 2461, 156 L.Ed.2d at 566.

*Stogner* is readily distinguishable from the case before us, for the crime that was being prosecuted in *Stogner* occurred, and the limitation period expired, *before* the new statute was enacted. Here, by contrast, Lamb is not being prosecuted for any offense which he committed before the 2006 amendment to I.C. § 18–8005(5). His exposure to prosecution for the present offense had not even arisen, let alone expired, when the statute was amended. Lamb's arguments notwithstanding, he is not being punished in the present case for the offenses he committed in 2001 and 2003. He has been prosecuted only for the DUI that he committed in 2007, about a year after the Idaho legislature amended the statute.

Accordingly, Lamb's ex post facto challenge to this felony prosecution is contrary to long-settled law and is without merit.

**B. Due Process**

■ Lamb also asserts that the use of his prior DUI convictions to elevate this charge from a misdemeanor to a felony violates his right to due process of law and is fundamentally unfair. His contention is based on notices given to him at the time of his prior DUI convictions, which informed him only that a third DUI violation within *five* years could be charged as a felony. Lamb asserts that these warnings somehow became part of his plea agreements in those cases, which the State is now breaching by charging the instant offense as a felony. This, he asserts, amounts to a deprivation of due process.

In *Wilson v. State,* 133 Idaho 874, 879–80, 993 P.2d 1205, 1210–11 (Ct.App.2000), we considered an analogous claim that due process precluded prosecution of a DUI as a felony because at the time of a prior DUI conviction, the district court had not warned the defendant of a change in the recidivist law that had not yet occurred. We said, "The due process clause of the United States Constitution does not require that a defendant be provided notice at the time of sentencing that his conviction may be used for sentencing enhancement at a later date should the defendant be convicted of another crime." *Id.* at 879, 993 P.2d at 1210 (citing *Nichols v. United States,* 511 U.S. 738, 748, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745, 755 (1994)). We further observed:

[I]t is axiomatic that citizens are presumptively charged with knowledge of the law once such laws are passed. The entire structure of our democratic government

rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny.

*Id.* at 880, 993 P.2d at 1211 (quotation marks and citations omitted).

 The 2006 amendment to I.C. § 18–8005(5) placed Lamb on notice that the DUI enhancement law was no longer as had been described to him upon his earlier convictions. The notion that the trial courts' warnings given in his prior DUI cases somehow became part of Lamb's plea agreements is frivolous. A trial court's advisement of the risk of future penalties under a recidivist statute is a *warning* designed to deter the defendant from committing future offenses, not a *promise* that puts restraints on future prosecutions. *See State v. Nickerson,* 121 Idaho 925, 928, 828 P.2d 1330, 1333 (Ct.App.1992). It certainly does not constitute a promise that the law will, with respect to the defendant, never change. Lamb has shown no violation of his constitutional right to due process.

## III.

## CONCLUSION

As Lamb's claims of constitutional violations have no merit, the judgment of conviction is affirmed.

Judge PERRY and Judge GRATTON concur.