# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 34919

| | | |
|---|---|---|
| MARK A. PERSON, | ) | 2009 Opinion No. 24 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 7, 2009 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Joel D. Horton, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GUTIERREZ, Judge

Mark A. Person appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

On August 20, 2002, Person conditionally pled guilty to second degree murder. Following the preparation of a 2003 presentence investigation report (PSI), he was sentenced to a unified term of life imprisonment with twenty years determinate. He appealed his conviction, and this Court held that portions of his statements obtained during police interrogation should have been suppressed pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). *State v. Person*, 140 Idaho 934, 941-42, 104 P.3d 976, 983-84 (Ct. App. 2004).

On remand, Person entered into a binding plea agreement whereby it was stipulated that the PSI would be "waived" and the prosecutor would recommend a unified fifty-year sentence

1

with fifteen years determinate. No new PSI was prepared, and the court imposed the agreed upon sentence. A judgment of conviction for second degree murder was entered on September 12, 2005.

On October 31, 2005, Person filed a motion to correct a clerical error, citing Idaho Criminal Rules 32 and 36, seeking to have copies of the 2003 PSI returned from the Idaho Department of Corrections or redacted to exclude the suppressed statements. The district court denied the motion in March 2006, and Person again appealed to this Court. We affirmed, holding that the district court did not have the authority to redact information from a PSI after sentencing, the inclusion of the suppressed statements in the PSI did not violate Person's Fifth Amendment rights, and the district court's failure to redact the statements from the PSI was not a breach of the plea agreement, because redaction of the statements was not a term of the agreement. *State v. Person*, 145 Idaho 293, 298, 178 P.3d 658, 663 (Ct. App. 2007).

On February 27, 2007, Person filed a *pro se* petition for post-conviction relief. He alleged, among other things, that he had received ineffective assistance of counsel in regard to the entry of his guilty plea, resulting in an invalid plea. Person was appointed counsel, and the state answered his petition, asserting, among other defenses, that the petition was time-barred where his time for filing a post-conviction petition had ended on October 17, 2006 (one year and forty-two days after the judgment of conviction was entered per his second guilty plea). The state also a filed a motion for summary dismissal. A hearing was held on the motion, and the district court summarily dismissed the petition as being time-barred. Person now appeals.

## II.

## ANALYSIS

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Idaho Code Section 19-4902(a) requires that such a petition be filed "anytime within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of proceedings following an appeal, whichever is later." The failure to file a timely petition is a basis for dismissal of the petition, assuming the defendant has not shown reason why the statute of limitation should be tolled. *Evensiosky v. State*, 136 Idaho 189, 191, 30 P.3d 967, 969 (2001); *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct.

App. 2003). Idaho courts have recognized equitable tolling in only two situations: where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication renders a petitioner incompetent and prevents petitioner from earlier pursuing challenges to his conviction. *Sayas*, 139 Idaho at 960, 88 P.3d at 779; *Isaak v. State*, 132 Idaho 369, 370 n.1, 972 P.2d 1097, 1098 n.1 (Ct. App. 1999). Our review of the district court's construction and application of the time limitation aspects of the Uniform Post-Conviction Procedure Act is a matter of free review. *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997); *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992).

Person claims that his post-conviction petition was not time-barred because it was filed within one year of the time when his claim for ineffective assistance of counsel could reasonably have been discovered. He contends that the court's summary dismissal of his claim was fundamental error, because it should have applied a "discovery exception" to the statute of limitations. Specifically, he argues that his claim of ineffective assistance of counsel in negotiating a plea agreement that was unenforceable (because it required the district court to redact the PSI which it had no power to do) could not reasonably have been discovered prior to attempts by his counsel to enforce it and prior to the ultimate determination by this Court that the district court did not have the power to strike statements from the PSI after sentencing. Therefore, Person reasons that because his petition for post-conviction relief was filed within one year from the time he could have reasonably discovered the claim (i.e., from when this Court issued its decision), his petition was not untimely and the district court erred in summarily dismissing the petition as time-barred.

Person concedes that he did not argue to the district court that a discovery exception should apply; rather he contended only that inaccurate advice by his appellate attorney during his second appeal should toll the running of the statute of limitations--an argument the district court rejected in summarily dismissing his claim. Recognizing the general rule that issues not raised below may not be considered for the first time on appeal, *see Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998), Person therefore asserts that it was fundamental error for the district court to fail to *sua sponte* apply the discovery exception to his post-conviction petition.

The appellate courts of this state have held that an issue not properly preserved in a criminal proceeding may be considered on direct appeal or by a court in a post-conviction relief action if the issue involves fundamental error. *State v. Anderson*, 144 Idaho 743, 748, 170 P.3d 886, 891 (2007); *Mintun v. State*. 144 Idaho 656, 661, 168 P.3d 40, 45 (Ct. App. 2007). In this instance, we are asked to apply fundamental error in order to consider an issue which was not raised or preserved in the post-conviction relief action itself, rather than an issue which was not raised or preserved in the underlying criminal proceeding. An application for post-conviction relief initiates a proceeding that is civil in nature. *Bearshield*, 104 Idaho at 678, 662 P.2d at 550; *Murray*, 121 Idaho at 921, 828 P.2d at 1326. Although Person points to *Gonzalez v. State*, 120 Idaho 759, 762, 819 P.2d 1159, 1162 (Ct. App. 1991), which references, without direct support, application of fundamental error to a decision of the trial court in a post-conviction relief action, we decline to do so. Accordingly, we affirm the district court's summary dismissal of Person's petition for post-conviction relief.

Judge PERRY and Judge GRATTON **CONCUR**.