IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 40618**

| | | |
|---|---|---|
| **LARRY DEAN CORWIN,** | ) | **2014 Unpublished Opinion No. 386** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: February 20, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Judgment dismissing action for post-conviction relief, <u>affirmed</u>.

Larry Dean Corwin, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Larry Dean Corwin appeals from the district court's denial of post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

In March of 1998, Corwin was convicted of misdemeanor driving under the influence (DUI) for an offense committed in Idaho. Under the law in effect at the time of his offense, a third DUI offense within five years could be charged as a felony. Idaho Code § 18-8005(5) (1997). Corwin was given warnings to that effect pursuant to I.C. § 18-8005(4)(c) (1997). Later in 1998, Corwin was again convicted of a DUI offense in the state of Washington.

In 2006, the Idaho Legislature amended I.C. § 18-8005(5) to provide that a third DUI offense within *ten* years could be charged as a felony. On June 7, 2007, Corwin again drove while intoxicated in Idaho. Because of his two prior DUI convictions within ten years, he was

1

charged with felony driving under the influence. Corwin was convicted of the offense at trial and was sentenced.

Thereafter, Corwin filed a petition for post-conviction relief. He asserted claims, among others, that application of the 2006 amendment to I.C. § 18-8005(5) in his 2007 case violated substantive due process and that his trial counsel was ineffective in presenting his defense. During the pendency of the post-conviction action, Corwin filed a motion for substitution of counsel to replace the attorney that had been appointed to represent him in the post-conviction action. This motion was not scheduled for a hearing, and the district court never addressed it. The district court ultimately summarily dismissed Corwin's claim of a due process violation in the criminal proceedings and denied relief after an evidentiary hearing on Corwin's claim of ineffective assistance of counsel. Corwin appeals.

## II.

## ANALYSIS

### A.    Due Process

Corwin asserts that the use of his 1998 DUI convictions to elevate this charge from a misdemeanor to a felony violates his right to due process of law and is fundamentally unfair. His contention is based on notice given to him at the time of his prior Idaho DUI conviction, which informed him only that a third DUI violation within *five* years could be charged as a felony. He asserts that the 2006 amendment to I.C. § 18-8005(5) to provide that a third offense within *ten* years could be charged as a felony cannot "retroactively" change this.

The post-conviction court summarily dismissed Corwin's claim of a violation of due process based upon this Court's decision in *State v. Lamb*, 147 Idaho 133, 206 P.3d 497 (Ct. App. 2009). In that case, as in the instant case, the defendant had twice been convicted of DUI and had been warned that a third DUI violation within five years could be charged as a felony, and the defendant committed a third DUI offense more than five years later, but after the statutory "look-back" period had been extended to ten years. The defendant asserted that his statutory warnings in prior cases became part of his plea agreements which, he said, the State breached by charging the instant offense as a felony. This, he asserted, amounted to a deprivation of due process. This Court rejected the defendant's claim, stating:

> In *Wilson v. State*, 133 Idaho 874, 879-80, 993 P.2d 1205, 1210-11 (Ct. App. 2000), we considered an analogous claim that due process precluded prosecution of a DUI as a felony because at the time of a prior DUI conviction,

2

the district court had not warned the defendant of a change in the recidivist law that had not yet occurred. We said, "The due process clause of the United States Constitution does not require that a defendant be provided notice at the time of sentencing that his conviction may be used for sentencing enhancement at a later date should the defendant be convicted of another crime." *Id.* at 879, 993 P.2d at 1210 (citing *Nichols v. United States*, 511 U.S. 738, 748, 114 S. Ct. 1921, 1928, 128 L. Ed. 2d 745, 755 (1994)). We further observed:

> [I]t is axiomatic that citizens are presumptively charged with knowledge of the law once such laws are passed. The entire structure of our democratic government rests on the premise that the individual citizen is capable of informing himself about the particular policies that affect his destiny.

*Id.* at 880, 993 P.2d at 1211 (quotation marks and citations omitted).

The 2006 amendment to I.C. § 18-8005(5) placed Lamb on notice that the DUI enhancement law was no longer as had been described to him upon his earlier convictions. The notion that the trial courts' warnings given in his prior DUI cases somehow became part of Lamb's plea agreements is frivolous. A trial court's advisement of the risk of future penalties under a recidivist statute is a *warning* designed to deter the defendant from committing future offenses, not a *promise* that puts restraints on future prosecutions. *See State v. Nickerson*, 121 Idaho 925, 928, 828 P.2d 1330, 1333 (Ct. App. 1992). It certainly does not constitute a promise that the law will, with respect to the defendant, never change. Lamb has shown no violation of his constitutional right to due process.

*Lamb*, 147 Idaho at 136-37, 206 P.3d at 500-01.

Here, Corwin contends that *Lamb* is not controlling because he is making an argument that was not considered in that case. Specifically, Corwin contends that the "two within five" statutory provision in effect at the time he committed his first DUI is a "statute of limitation," that the five-year statute of limitation expired as to him in 2003, and therefore the 2006 statutory amendment extending the look-back period was made after the "statute of limitation" had already expired. Thus, Corwin asserts, the State violated his due process rights by using "null and void" and "time-barred" evidence of his prior DUI convictions and failed to accord finality to those proceedings.

Corwin's argument is erroneous. A statute of limitation creates a time limit within which a criminal or civil action must be filed with a court. *See* I.C. § 5-201. Idaho Code § 19-402 provides for a statute of limitation requiring that felony DUI prosecutions be filed within five years after the offense. The statutory look-back period in I.C. § 18-8005(5) for use of prior convictions to enhance a DUI charge to a felony is not, by any stretch of the imagination, an additional "statute of limitation." There is no such thing as a statute of limitation on evidence

3

under Idaho law. Nor was there anything in Idaho law that rendered evidence of Corwin's prior convictions "null and void." Therefore, contrary to his argument, the State's reliance upon Corwin's 1998 DUI conviction to enhance his 2007 DUI to a felony did not "revive evidence with a statutory limit once it has expired." Corwin's due process challenge is without merit, and is nothing more than a new, and unconvincing, attempt to establish a constitutional violation in the application of a recidivist statute. Similar claims have been made and rejected many times before. *See Parke v. Raley*, 506 U.S. 20, 27 (1992) ("[W]e have repeatedly upheld recidivism statutes 'against contentions that they violate constitutional strictures dealing with double jeopardy, *ex post facto* laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.'") (quoting *Spencer v. Texas*, 385 U.S. 554, 560 (1967)).

Corwin also argues that the use of his 1998 Idaho conviction was "prohibited by the interest in finality of judgments." There is no merit in this argument, for the finality of his 1998 judgment was in no way affected by the 2007 prosecution. The 1998 conviction has not been reopened or otherwise disturbed or modified.

The district court did not err in summarily dismissing Corwin's post-conviction claim that the enhancement of his 2007 DUI charge based upon his 1998 conviction violated his constitutional rights.

**B.    Conflict**

Corwin also argues that his post-conviction counsel denied him effective assistance "due to a conflict of interest he had in his representation, but kept silent." Although the nature of the alleged conflict asserted on appeal is not entirely clear from Corwin's briefing, his contention appears to be that his post-conviction attorney was a friend of Corwin's criminal defense attorney and therefore was unwilling to effectively present the ineffective assistance of counsel claim.

Corwin's claim of error is reviewable in the district court only if he raised this issue of a possible conflict of interest due to the relationship between his appointed post-conviction counsel and his defense attorney. Corwin claims that he raised the issue by filing, pro se, a "notice of conflict" and affidavit in support followed some months later by a motion for substitution of post-conviction counsel and an affidavit in support. In the notice, motion and affidavits, Corwin identified a "conflict" between himself and his appointed post-conviction attorney in that counsel was not adequately communicating with him, that counsel was not doing the things that Corwin

4

wanted to be done when he wanted them to be done, and counsel's letters to him evidenced unfamiliarity with the facts of the underlying criminal case. None of Corwin's filed documents raised any issues or concerns about a possible conflict stemming from a relationship between Corwin's post-conviction counsel and Corwin's criminal trial attorney. Because Corwin did not preserve the issue he now raises on appeal, we apply the general rule that issues presented for the first time on appeal will not be addressed. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991); *Person v. State*, 147 Idaho 453, 455, 210 P.3d 561, 563 (Ct. App. 2009); *Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998).

## III.

## CONCLUSION

As Corwin's claims have no merit, the court's judgment denying post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**