IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41952

| MICHAEL T. HAYES, | ) | 2015 Unpublished Opinion No. 634 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 16, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying petition for post-conviction relief, affirmed.

Michael T. Hayes, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Michael T. Hayes appeals from the district court's order denying his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Hayes pled guilty to a misdemeanor driving under the influence (DUI) offense, Idaho Code § 18-8004(1)(a), which the State charged as a "first offense DUI." In 2004, Hayes pled guilty to another misdemeanor DUI offense, I.C. § 18-8004(1)(a), which the State again charged as a "first offense DUI." With both the 2003 and 2004 convictions, Hayes received notification forms notifying him that, pursuant to I.C. § 18-8005, the State would charge a third DUI offense within *five* years as a felony. In 2006, the Idaho legislature amended I.C. § 18-8005 to make a third DUI conviction within *ten* years a felony. In 2011, the State charged Hayes with yet another DUI offense under I.C. § 18-8004(1)(a). Because Hayes' two earlier DUI

1

convictions occurred within ten years of his 2011 DUI, the State charged his 2011 DUI as a felony under the amended version of I.C. § 18-8005.

Before pleading guilty, Hayes discussed with counsel possible legal arguments that might get his 2011 DUI charge dismissed. Counsel told Hayes he did not believe those arguments would result in a dismissal and suggested that Hayes take the State's plea bargain. Hayes was faced with two possibilities: He could plead guilty to the felony DUI charge and receive a maximum ten-year sentence; or he could proceed to trial where the prosecutor would pursue the felony DUI charge with a persistent violator enhancement, which carries a possible lifetime sentence. Hayes pled guilty and stated to the court his guilty plea was freely and voluntarily given.

Hayes petitioned for post-conviction relief alleging his counsel was ineffective in various ways. After an evidentiary hearing, the court denied Hayes' petition. Hayes timely appeals.

## II.

## ANALYSIS

Hayes asserts the district court erred in denying his petition for post-conviction relief.[1] A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439,

---

[1] Hayes also asserts: (1) the State violated his equal protection and due process rights; (2) his counsel failed to file a Rule 35 motion; and (3) prosecutorial misconduct. These claims either were not raised below or do not have any legal or factual support and will not be addressed on appeal.

440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

Hayes asserts his counsel in the underlying case was ineffective in various ways. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Hayes first argues that his counsel coerced his guilty plea, making it involuntary. At his plea hearing, Hayes stated that his guilty plea was freely and voluntarily given. However, Hayes asserts his counsel coerced his plea by dismissing arguments he wished to assert at trial and telling him he could get a persistent violator enhancement and life sentence if he did not take the State's plea bargain. The district court found:

> There is no persuasive evidence that the petitioner's plea was in any way coerced. While he was unhappy that he faced the potential longer sentence resulting from the possibility of a persistent violator enhancement, his unhappiness does not amount to coercion. . . . His attorney gave him correct legal advice when he told the petitioner that he did not have a legal defense to the DUI. The petitioner testified that he did not have a factual defense to the DUI. The petitioner failed to prove that his plea was in any fashion coerced or that he received anything other than correct legal advice.

3

We agree. As explained below, Hayes' arguments would have failed in the district court. His counsel correctly advised him of this fact. Further, the United States Supreme Court has long held a plea is not coerced because it is motivated by the defendant's desire to accept the certainty of a "lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." *Brady v. United States*, 397 U.S. 742, 751 (1970). Thus, the district court correctly held that Hayes' plea was voluntary.

Hayes next argues his counsel failed to move to dismiss his felony DUI. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Id.* at 477-78, 180 P.3d at 516-17.

Hayes advances two theories his counsel could have used to support a motion to dismiss his felony DUI. His first theory is that the State entered a binding contract with him by charging his 2003 and 2004 DUIs as "first offense DUIs." He asserts the State breached this contract when it charged his 2011 DUI as a felony. Because the State never charged him with a "second offense DUI," he asserts the State could not charge his third DUI as a felony under I.C. § 18-8005. This argument fails under the plain language of I.C. § 18-8005. Subsection six states:

> [A]ny person who pleads guilty to or is found guilty of a violation of the provisions of section 18-8004(1)(a), (b) or (c), Idaho Code, who previously has been found guilty of or has pled guilty to two (2) or more violations of the provisions of section 18-8004(1)(a), (b), or (c), Idaho Code . . . within ten (10) years, notwithstanding the form of the judgment(s) or withheld judgment(s), shall be guilty of a felony . . . .

I.C. § 18-8005(6).

Both of Hayes' 2003 and 2004 convictions were for violations of I.C. § 18-8004(1)(a), regardless of whether the State charged them as "first offense DUIs." These convictions were within ten years of his 2011 charge for violating I.C. § 18-8004(1)(a). Hayes never disputed that he violated I.C. § 18-8004(1)(a) for any of his charges. Thus, the plain language of I.C. § 18-8005(6) authorized the State to charge Hayes' 2011 DUI as a felony. Further, this Court and the

4

Idaho Supreme Court have held that if a defendant is found guilty of three or more DUI offenses within the requisite time period under I.C. § 18-8005(6), the defendant has committed a felony. *State v. Craig*, 117 Idaho 983, 985, 793 P.2d 215, 217 (1990); *State v. Locke*, 149 Idaho 641, 643, 239 P.3d 34, 36 (Ct. App. 2010). This is true regardless of how the State characterizes prior DUI charges. Thus, a motion by Hayes' counsel asserting Hayes' first theory would have failed.

Hayes' second theory is that the notification forms he received with his 2003 and 2004 convictions formed a binding contract, which the State breached when it charged his 2011 DUI as a felony under I.C. § 18-8005. These forms notified Hayes that the State would charge a third DUI conviction in *five* years as a felony under I.C. § 18-8005. However, in 2006 the Idaho legislature amended I.C. § 18-8005 to make a third DUI conviction in *ten* years a felony. Hayes asserts the forms bound the State and the amendment did not apply to him. Thus, according to Hayes, the State could not charge his 2011 DUI as a felony because he received his 2011 DUI more than five years after his 2003 and 2004 convictions.

Hayes second theory is also without merit. This Court addressed a similar argument in *State v. Lamb*, 147 Idaho 133, 206 P.3d 497 (Ct. App. 2009). With his prior DUI convictions, the defendant in *Lamb* received notices that the State would charge a third DUI conviction in five years as a felony. *Id.* at 136, 206 P.3d at 500. The defendant argued those notices were part of his plea agreements, which the State breached by charging his third DUI as a felony under the amended version of I.C. § 18-8005(6) more than five years after his first DUI. *Id.* This Court rejected that argument, stating:

> The 2006 amendment to I.C. § 18-8005[(6)] placed [the defendant] on notice that the DUI enhancement law was no longer as had been described to him upon his earlier convictions. The notion that the trial courts' warnings given in his prior DUI cases somehow became part of [the defendant's] plea agreements is frivolous. A trial court's advisement of the risk of future penalties under a recidivist statute is a *warning* designed to deter the defendant from committing future offenses, not a *promise* that puts restraints on future prosecutions. It certainly does not constitute a promise that the law will, with respect to the defendant, never change.

*Lamb*, 147 Idaho at 137, 206 P.3d at 501 (internal citations omitted).

The same reasoning applies to Hayes' second theory. The notification forms he received with his prior DUI convictions were not binding contracts, part of his plea agreements, or promises that the law, with respect to him, would not change. Rather, the forms were warnings meant to deter Hayes from reoffending. The 2006 amendment to I.C. § 18-8005(6) put Hayes on

5

notice that the law had changed. Thus, Hayes' theory that the notification forms were binding upon the State is frivolous, and a motion by Hayes' counsel asserting that theory would have failed.

Because the district court would not have granted a motion under either of Hayes' theories, Hayes' claim that counsel should have moved for dismissal of his felony DUI fails both prongs of the *Strickland* test.

Finally, Hayes argues his counsel failed to move to dismiss his prior DUI convictions. Hayes' asserts the forms he received with his 2003 and 2004 DUI convictions were promises that induced his prior guilty pleas. According to Hayes, the State failed to honor those promises when it charged his third DUI as a felony.

As discussed above, the forms were not promises, contracts, or part of Hayes' plea agreements. Thus, the forms did not create any basis for Hayes to rely on in making his prior guilty pleas. Further, regardless of whether the forms were promises, the Idaho Supreme Court held in *State v. Weber*, 140 Idaho 89, 92, 90 P.3d 314, 317 (2004) that a defendant has no right to collaterally attack the validity of prior DUI convictions used to support a charge of felony DUI, unless the prior convictions were obtained in violation of the defendant's right to counsel. Because Hayes' prior DUI convictions were not obtained in violation of his right to counsel, he cannot collaterally attack their validity in this proceeding. Thus, the district court would not have granted a motion collaterally attacking the validity of Hayes' prior DUI convictions, and his claim that counsel should have moved for dismissal of his prior DUI convictions fails both prongs of the *Strickland* test.[2]

### III.

### CONCLUSION

Hayes' plea was not coerced and his counsel was not ineffective for failing to seek dismissal of his felony DUI charge and prior DUI convictions. The district court's order denying post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

---

[2] Hayes requests $3,500 in attorney fees for paralegal services on appeal. Because Hayes is not the prevailing party, we decline to award costs or attorney fees. *See* I.C. § 12-121; Idaho Appellate Rule 41; *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995).